United States District Court
Southern District of Texas
**ENTERED**
May 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ANGEL OVIEDO POVEDA,<br>　　"Petitioner," | §<br>§<br>§ | |
| v. | §<br>§ | |
| JOHN DOE, *et al.*,<br>　　"Respondents." | §<br>§<br>§ | Civil Action No. 1:26-cv-00404 |

## ORDER

Before the Court are "Order to Show Cause for Preliminary Injunction or Temporary Restraining Order Granting Immediate Release From Custody" ("TRO and Preliminary Injunction") (Dkt. No. 6) and "Petitioner's Memorandum of Law in Support of Order to Show Cause Seeking Immediate Release From Immigration Custody" ("Memorandum") (Dkt. No. 7). For these reasons, Petitioner's TRO and Preliminary Injunction (Dkt. No. 6) are **DENIED**.

## I.　BACKGROUND

Petitioner entered the United States on or about February 15, 2020. *See* Dkt. No. 10-1. Petitioner was not then admitted or paroled after inspection by an immigration officer. *Id.* On February 16, 2020, Petitioner was served with a Notice to Appear ("NTA") and charged as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who did not possess valid immigration documents at the time of application for admission. *Id.* On or about May 16, 2023, Petitioner admitted to the factual allegations in the NTA and conceded the charge of removability. *See* Dkt. No. 10-2. On February 9, 2026, an Immigration Judge denied Petitioner's applications for asylum and ordered Petitioner removed to Ecuador. *See* Dkt. No. 10-3. Petitioner timely appealed with the Board of Immigration Appeals ("BIA"). *See* Dkt. No. 10-4. The appeal is pending. Dkt. No. 10 at 2.

## II.　LEGAL STANDARD

A court may issue a temporary restraining order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that the

temporary restraining order will not disserve the public interest. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

Preliminary injunctions are "extraordinary remedies that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Free Speech Coal., Inc. v. Paxton*, 95 F.4th 263, 269 (5th Cir. 2024). The moving party must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Id.*

## III.   DISCUSSION

To begin with, the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses Petitioner's claim that he is improperly detained under § 1225(b)(2)(A). Dkt. No. 7 at 10-12. *Buenrostro-Mendez* endorsed the application of § 1225(b)(2)(A) to aliens who, like Petitioner, are "present in the United States without admission." *Buenrostro-Mendez*, 166 F.4th at 506. Bound by our circuit's statutory interpretation of § 1225(b)(2)(A), this Court does not find the merits of Petitioner's statutory theory persuasive.

But *Buenrostro-Mendez* left unaddressed whether mandatory detention under § 1225(b)(2)(A) runs afoul of Petitioner's due process rights. The Court must therefore assess whether Respondents may, consistent with the Due Process Clause of the Fifth Amendment, detain Petitioner without the opportunity for an individualized bond hearing.

Aliens certainly possess "due process of law in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025). But, "detention during such proceedings is a constitutionally valid aspect of the process, even where ... aliens challenge their detention on the grounds that there has been no finding that they are unlikely to appear for their deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 511 (2003) (citations omitted). The Supreme Court has long held that mandatory detention of aliens during removal proceedings does not violate due process. *See Carlson v. Landon*, 342 U.S. 524, 538 (1952); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896). Here, Petitioner's removal proceedings are pending. Dkt. No. 7 at 8. Thus, Petitioner's detention does not violate due process.

While the Court has acknowledged the possibility when such detention could strain constitutional limits, *see, e.g., id.* at 532 (Kennedy, J., concurring), Petitioner has not raised that family of issues in this Petition. As such, Petitioner's detention does not violate due process.

## IV.    CONCLUSION

Because the Court does not find Petitioner's statutory argument persuasive and finds no due process violation, the Court concludes that there is no genuine dispute of material fact. Accordingly, the Court enters judgment as a matter of law and finds that Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

For these reasons, Petitioner's TRO and Preliminary Injunction (Dkt. No. 6) are **DENIED**.

Signed on this 21st day of May 2026.

Rolando Olvera

United States District Judge